Case No. 23-2545
USDC No. 3:22-cv-00045-LRH-CLB

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

LARS JENSEN,

   Plaintiff – Appellant,

 v.

NATALIE BROWN, et al.,

   Defendants – Appellees.

            /

On Appeal from the Unites States District Court

For the District of Nevada

---

## DEFENDANT-APPELLEES' OPPOSITION TO MOTION TO FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*

---

KIAH BEVERLY-GRAHAM
General Counsel
Truckee Meadows Community College
2215 Raggio Parkway
Reno, Nevada 89512-1095
(775) 673-7300
(775) 673-7135 fax
kiah.beverly@dri.edu
*Attorney for Defendants/Appellees*

Pursuant to Fed. R. App. P. 27(a)(3) and 29(a), Defendants-Appellees Natalie Brown, Julie Ellsworth, Anne Flesher, Karin Hilgersom, Marie Murgolo, and Melody Rose, each in their individual and official capacities (together "Appellees"), hereby respond in opposition to the Motion for Leave to File Brief as *Amici Curiae*, dated February 25, 2024 (D.E. 14.2) ("Motion"), filed by proposed *Amici Curiae* the American Association of University Professors and the Nevada Faculty Alliance (together "Movants").

## ARGUMENT

An *amicus curiae* brief may be filed by a non-governmental party when the proposed *amicus* has an interest in the action; when the brief is "desirable"; and when it address matters "relevant to the disposition of the case." *See* Fed. R. App. P. 29(a)(2)-(3).

### A. The Movants' Interest Is Not Clear

Following a description of each Movant, the Motion simply asserts "Proposed *amici* submit to this Court that they have a special interest in this matter[.]" Motion at 3 of 7.[1] The nature of the purported "special interest" is not explicitly articulated. It is appropriate to deny the Motion for that reason alone. *See* Fed. R. App. P. 29(a)(3)(B) (*amicus* brief motion must state the movant's interest).

---

[1] The Motion is not page numbered. Citations refer to the numbering superimposed on the top of each page of the Motion by the Court's ECF system.

1

### B. The Proposed Brief Is Not "Desirable" Because Its Arguments Are Either Duplicative of the Existing Briefing or Incomplete

Appellees also oppose the Motion because the proposed briefing's arguments are either duplicative of those already made or incomplete.

Though there appears to be a dearth of authority in the Ninth Circuit as to what effect the duplicative nature of the proposed brief should have on the Motion, the Circuit Advisory Committee Note to Ninth Circuit Rule 29-1 states that "amici briefs should not repeat arguments or factual statements made by the parties." Similarly, other Circuit Courts have held that an amicus brief "should be additive—it should strive to offer something different, new, and important." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020); *see also*, *In re Halo Wireless, Inc*., 684 F.3d 581, 596 (5th Cir. 2012) (striking purported amicus brief where it "contains no information or arguments that the Appellees did not already provide to the Court").

### 1. Two of the Three Arguments In the Proposed Brief Duplicate Those Already Made in Appellant's Opening Brief

The first argument in Movant's brief is, in sum, that public university and college faculty such as Appellant have a clearly established First Amendment right to speak on matters related to teaching. D.E. 14.1 (Proposed Brief) at 5-10. This argument mirrors the Appellant's point that the District Court erred in partially dismissing the case, based on the doctrine of qualified immunity, because the Court

did not recognize the clearly established First Amendment right at issue. *See* D.E. 11.1 (Opening Brief) at 26-38. Movant's argument principally relies on *Demers v. Austin*, 746 F.3d 402 (9th Cir. 2014). *Id.* at 6. It also relies on statements from Movant the American Association of University Professors ("AAUP"). *Id.* at 6-10.

The argument that *Demers* illustrates that the First Amendment right at issue is "clearly established", as that term is used in the context of qualified immunity analysis, is already presented in the Opening Brief. *See* D.E. 11.1 at 26-32. Though the precise contours of the argument may not be identical, the basic point and several authorities relied on, including AAUP statements, are.[2] As such, this part of the argument in the proposed brief is largely duplicative of Appellant's argument.

Movant's second argument also relates to qualified immunity and whether Appellant adequately alleged a clearly established right, again relying on *Demers*. D.E. 14.1 (Proposed Brief) at 10-12. This argument is that the District Court misread the Ninth Circuit's decision in *Demers* and mistakenly applied the doctrine in *Garcetti v. Ceballos*, 547 U.S. 410 (2006). *Id.* Though presented with slightly different nuances, this argument is already in Appellant's Opening Brief. D.E. 11.1 at 30-32.

//

---

[2] The AAUP statements are cited in the Opening Brief at D.E. 11.1 at 38.

3

2. The Third Argument Is Incomplete As It Ignores Much of the
Framework for Analyzing First Amendment Retaliation Claims

The third argument in the proposed brief is that the speech that drew the

alleged retaliation against Appellant was of public concern. D.E. 14.1 at 12-17. The

argument relates to Appellant's two claims for First Amendment retaliation. The

framework for resolving such claims is well-established and expressed clearly in

the Ninth Circuit's decision in *Eng v. Cooley*, 552 F.3d 1062, 1070-72 (9th Cir.

2009). The opinion in *Eng* tidily gathers the relevant Supreme Court and Ninth

Circuit precedent into one decision. *Id*. In *Demers v. Austin* the Ninth Circuit

clarified this framework as it relates to speech concerning "teaching and academic

writing." 746 F.3d at 418. In that context (and presumably if a plaintiff adequately

pleads their status as an academic) the *Eng* prong (derived from *Garcetti*) requiring

speech be made in a personal, not professional, capacity is effectively dropped. *Id*.

at 410-11. All of the other four prongs remain, as the analysis in *Demers* shows. *Id*.

at 415-16 (addressing public concern prong), 417 (recognizing prongs relating to

whether (1) state had an interest in sanctioning employee; (2) state's motive was to

suppress speech; and (3) state would have acted regardless of any protected

speech). In affirming the relevance of the latter three prongs, *Demers* cited

*Anthoine v. N. Cent. Cntys. Consortium*, which in turn relies on the *Eng*

framework. *See* 605 F.3d 740, 748 (9th Cir. 2010) (relying on the "*Eng* test" to

analyze First Amendment retaliation claim). The *Eng* framework – as modified by

4

*Demers* with respect to certain academic speech – is the standard for analyzing First Amendment retaliation claims such as the one asserted by Appellant.

The proposed brief only provides a detailed analysis of the *Eng* factor relating to whether the speech at issue is of public interest. D.E. 14.1 at 12-17. And, without discussing the state's interests, makes brief points regarding the prong that balances the state's interest in regulating employee conduct. *Id.* at 13, 16. The proposed brief is silent on the other prongs, and it is not complemented by anything in Appellant's Opening Brief, which has nothing to say on the topic.

This argument seeks to support the viability of Appellant's First Amendment claims. But untethered from the framework applicable to such claims, the analysis is incomplete. The argument makes rhetorical points, but it does not bring the Court closer "to the disposition of the case" as an *amicus* brief should. *See* Fed. R. App. Pro. 29(a)(3)(B).

## CONCLUSION

For the foregoing reasons, Appellees respectfully request that the Motion be denied.

DATED March 6, 2024

 */s/ Kiah Beverly-Graham*
Kiah D. Beverly-Graham,
General Counsel
Truckee Meadows Community College
*Attorney for Defendants/Appellees*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies that the foregoing Opposition to Motion for Leave to File Brief as *Amici Curiae* complies with the following rules:

1. The page length limitation in Fed. R. App. P. 27(d)(2)(A) in that the Opposition contains 1,137 words;

2. The typeface requirements of Fed. R. App. P. 32(a)(5) in that the Opposition is written in a proportionally spaced, 14-point typeface; and

3. The type-style requirements of Fed. R. App. P. 32(a)(6) in that the Opposition is set in a plain, roman style, with italics or boldface used only as permitted.

DATED March 6, 2024

<u>/s/ *Kiah Beverly-Graham*</u>

Kiah Beverly-Graham
*Attorney for Appellees-Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the Nevada System of Higher Education, over the age of eighteen years, and that I am not a party to the within action. I further certify that on March 6, 2024, I electronically filed the foregoing Defendant-Appellees' Opposition to Motion for Leave to File a Brief as *Amici Curiae* with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

/s/ Catherine Bandoni
Employee of the Nevada
System of Higher Education